**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                                       Case No. 3:08-cv-966-J-34MCR

JUDITH BARNES and NATHAN GENRICH,

           Defendants.
_____/

**REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment (Doc. 50) filed January 4, 2012. The Court, having considered the Motion, the exhibits attached thereto, as well as the Complaint (Doc. 1), and being otherwise advised, recommends Plaintiff's Motion be granted.

**I. BACKGROUND**

Defendant Genrich filed a joint federal income tax return (Form 1040) for the 1997 tax year with Defendant Judith Barnes reporting an income tax due of $927,359; however, he failed to fully pay the income tax liability reported on that return. (Doc. 1, ¶¶ 10-11; Doc. 50-1, ¶ 4; Doc. 50-2, ¶ 2). On November 30, 1998, the Secretary of the

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Treasury assessed income tax of $659,019 for the year 1997 against Defendant, plus penalties and interest.[2] (Doc, 1, ¶ 10; Doc. 50-1, ¶ 5, Doc. 50-2, ¶ 3).

Subsequently, the Secretary of the Treasury notified Defendant Genrich of the assessments and made demand for payment. Defendant refused to pay the full amount of the assessments. (Doc. 1, ¶ 11; Doc. 50-1, ¶ 7). According to Plaintiff, as of December 31, 2011, an amount of $1,671,212.76 remains due and owing on the assessments, plus interest. (Doc. 50, p. 3).

On October 8, 2008, Plaintiff filed a Complaint against Defendants Barnes and Genrich seeking a judgment on the unpaid federal income tax liabilities for tax year 1997 and to foreclose federal tax liens on and sell real property with the proceeds to be applied toward the tax liabilities. (Doc. 1). On October 28, 2008, a copy of the summons and complaint were served on Defendant Genrich, who failed to answer. (Doc. 4). Thus, Plaintiff filed a Motion for Entry of Clerk's Default, which was entered on December 17, 2008. (Docs. 6, 7).[3] Since that time, Defendant Genrich has failed to appear, plead, or otherwise defend in this action. Consequently, Plaintiff requests the Court enter default judgment against him on his outstanding federal income tax liabilities. (Doc. 50). Defendant failed to file a response, and the time for doing so has passed. Accordingly, this matter is now ripe for judicial review.

---

[2]The difference between the income tax reported on the return and the lesser amount assessed against him was due to a change in the capital gains tax rate that occurred in the middle of 1997. (Doc. 50-2, ¶¶ 4-5.)

[3]Because Defendant Barnes answered the Complaint contesting the amount of her and Defendant Genrich's joint income tax liabilities for 1997, the Court found it appropriate for the United States to delay seeking default judgment against Defendant Genrich until now. (Docs. 10, 11, 49).

## II. ANALYSIS

### A. Default Judgment

Rule 55(b) of the Federal Rule of Civil Procedure provides that a Court may enter judgment by default if the party against whom judgment is sought has failed to plead or otherwise defend in the action and is not an infant or incompetent person. Defendant Genrich has failed to plead or defend this action, and his default has been entered. (Doc. 7). He is not exempt from default judgment. [4] Thus, a default is appropriate.

A party's default is deemed an admission of the plaintiffs well-pleaded allegations of fact. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987); see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Here, the Court finds Plaintiff's allegations, which are deemed true as a matter of law, are sufficient to justify Plaintiff's claims against Defendant Genrich.

### B. Unpaid Federal Tax

An assessment of federal tax by the Internal Revenue Service is presumed valid. See, e.g., Welch v. Helvering, 290 U.S. 111,115 (1933); United States v. Chila, 871 F. 2d 1015, 1018 (11th Cir. 1989); United States v. Dixon, 672 F. Supp. 503, 506-07 (M.D. Ala. 1987), aff'd 849 F. 2d 1478 (11th Cir. 1988). Additionally, a Form 4340 "Certificate

---

[4] Defendant Genrich is not an infant, incompetent person, or a person in the military service or otherwise exempted from default judgment under the Service Members Civil Relief Act, 50 App. U.S.C. § 501, *et seq.* (Doc. 50-3).

of Assessments, Payments and Other Specified Matters," is presumptive proof of a valid assessment. Chila, 871 F.2d at 1018. A taxpayer has the burden of overcoming the presumption of correctness by proving that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation. Olster v. Commissioner, 751 F.2d 1168, 1174 (11th Cir. 1985) (citations omitted); Dixon, 672 F. Supp. at 506.

Here, a delegate of the Secretary of the Treasury assessed Defendant Genrich's federal income tax liability, including penalties and interest, for the amount of $1,671,212.76. Plaintiff has submitted a declaration with a Form 4340 establishing the amount and existence of the assessments. (Doc. 50-1). Defendant has failed to appear and respond, or to produce any evidence to rebut the presumptive validity of those assessments. (Docs. 6, 7). Additionally, the assessments at issue are based on the tax return filed by Defendant. (Doc. 50-2, ¶¶ 4, 5). Therefore, Plaintiff is entitled to a judgment against Defendant Genrich in the amount of $1,671,212.76.

### C. Hearing

"As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." Directv, Inc. v. Huynh, 318 F.Supp.2d 1122, 1129 (M.D. Ala. 2004) (citing Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) and Directv, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003)). Here, in support of his claim for damages, Plaintiff has provided detailed affidavits. As the essential

evidence regarding damages is before the Court, the undersigned concludes that the record in this case is sufficient to calculate damages without an evidentiary hearing.

## III. CONCLUSION

Accordingly, after due consideration, it is respectfully

**RECOMMENDED**:

Plaintiff's Motion for Entry of Default Final Judgment (Doc. 24) be **GRANTED** and the Clerk be directed to enter final judgment in Plaintiff's favor and against Defendant Nathan Genrich in the total amount of $1,671,212.76 as of December 31, 2011, with interest accruing at the usual and lawful rate for federal court judgments thereafter.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this 24th day of January, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record

Nathan Genrich
1102 West Wedgewood Drive
Waukesha, WI 53186